UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN) |
|---|---|

This document relates to:
*Lloyd A. Abel Sr., et al. v. Islamic Republic of Iran*, No. 1:18-cv-11837 (GBD) (SN)
*BNY Mellon, et al. v. Islamic Republic of Iran*, No. 1:19-cv-11767 (GBD) (SN)
*Deborah Bodner, et al. v. Islamic Republic of Iran*, No. 1:19-cv-11776 (GBD) (SN)
*Ber Barry Aron, et al. v. Islamic Republic of Iran*, No. 1:20-cv-09376 (GBD) (SN)

**NON-U.S. NATIONAL PLAINTIFFS' NOTICE OF MOTION FOR FINAL JUDGMENT AS TO LIABILITY AND FOR PARTIAL FINAL JUDGMENT FOR DAMAGES AGAINST THE ISLAMIC REPUBLIC OF IRAN**

PLEASE TAKE NOTICE that upon the Declaration of Jerry S. Goldman, Esq. ("Goldman Declaration"), with the exhibits attached thereto, and the exhibits submitted with access restricted to the Court pursuant to the May 5, 2022 Order, ECF No. 7963, pertaining to expert reports submitted in support of default judgments, certain non-U.S. National Plaintiffs in the above-referenced matters who are identified in Exhibit A and Exhibit B (the plaintiffs in Exhibit A and Exhibit B are the "Moving Plaintiffs") (which are Exhibit B and Exhibit C to the Proposed Order) to the Goldman Declaration, by and through their counsel, Anderson Kill P.C., respectfully move this Court for an ORDER:[1]

    (1)    for the Moving Plaintiffs, determining that service of process in the above-captioned matters was properly effected upon Defendant Islamic Republic of Iran ("Iran") in accordance with 28 U.S.C. § 1608(a) for sovereign defendants; AND,

    (2)    for the Moving Plaintiffs, finding that the Court has subject-matter jurisdiction over the common law claims of the Moving Plaintiffs pursuant to 28 U.S.C. § 1605B; AND,

---

[1] Through this motion undersigned counsel is simply refiling judgment motions for 6 plaintiffs where the Court requested additional information on June 18, 2024. *See* ECF No. 9931.

(3) for the Moving Plaintiffs, determining that this Court has subject-matter jurisdiction over Iran under the common law for actions arising out of wrongful death and intentional infliction of emotional distress based on the intentional acts of international terrorism perpetrated on September 11, 2001 that intentionally targeted innocent civilians resulting in death and significant grief sustained by family members of those killed in the attacks; AND

(4) for the Moving Plaintiffs, entering a judgment as to liability for their common law claims; AND,

(5) for the Moving Plaintiffs, finding Iran jointly and severally liable with the Taliban and awarding the Moving Plaintiffs damages judgments against Iran in the same amounts previously awarded by this Court to various similarly situated plaintiffs in *Burnett*, *Havlish*, *Ashton*, *Bauer*, *O'Neill*, and other cases; AND,

(6) awarding intentional infliction of emotional distress (solatium) damages to Moving Plaintiffs identified in Exhibit A in the amounts of $12,500,000 per spouse, $8,500,000 per parent, $8,500,000 per child, and $4,250,000 per sibling, as set forth in Exhibit A; AND,

(7) on behalf of the Moving Plaintiffs, awarding the estates of the 9/11 decedents, through the personal representatives and on behalf of all survivors and all legally entitled beneficiaries and family members of such 9/11 decedents, as identified by the Moving Plaintiffs set forth in Exhibit B, compensatory damages for pain and suffering in the same per estate amount previously awarded by this Court regarding other estates of decedents killed in the September 11th attacks, as set forth in Exhibit B; AND,

(8) awarding compensatory damages to those Moving Plaintiffs identified in Exhibit B for decedents' pain and suffering in the amount of $2,000,000 per estate, as set forth in Exhibit B;[2] AND,

(9) on behalf of the Moving Plaintiffs, awarding the estates of the 9/11 decedents, through their personal representatives and on behalf of all survivors and all legally entitled beneficiaries and family members of such 9/11 decedent, as identified in Exhibit B, an award of economic damages in the amount as set forth in Exhibit B; AND,

(10) awarding the Moving Plaintiffs prejudgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the judgment for damages; AND,

(11) granting the Moving Plaintiffs permission to seek punitive damages, economic damages, and other appropriate damages, at a later date; AND,

(12) granting permission for all other Plaintiffs in these actions not appearing in Exhibit A and Exhibit B to submit applications for damages awards in later stages, to the extent such awards have not previously been addressed; AND,

(13) granting to the Moving Plaintiffs such other and further relief as this honorable court deems just and proper.

---

[2] Regarding the Estate of 9/11 decedent Luigi Calvi, undersigned counsel notes that while the Court denied only the economic damages portion of the requested judgment for this estate, Exhibit A to the judgment at ECF No. 9931 does not include the $2,000,000 non-economic damages judgment either, so out of an abundance of caution, Anderson Kill P.C. is requesting the Court enter the non-economic damages judgment in connection with this motion.

|  |  |  |
|---|---|---|
| Dated: | New York, New York<br>June 20, 2024 | Respectfully submitted,<br><br>/s/ Jerry S. Goldman<br>ANDERSON KILL P.C.<br>Jerry S. Goldman, Esq.<br>Bruce E. Strong, Esq.<br>Alexander Greene, Esq.<br>1251 Avenue of the Americas<br>New York, NY 10020<br>Tel: (212) 279-1000<br>Fax: (212) 278-1733<br>Email: jgoldman@andersonkill.com<br>           bstrong@andersonkill.com<br>           agreene@andersonkill.com<br>*Attorneys for Plaintiffs* |